## Case No. 5,286.

### GAYTES v. AMERICAN et al.

[5 Biss. 86; [1] 14 N. B. R. 141.]

Circuit Court, N. D. Illinois. May, 1869.

TROVER.—SUIT BY ASSIGNEE IN BANKRUPTCY TO RECOVER ASSETS.

An action of trover will not lie by the assignee against judgment creditors to recover the value of the bankrupt's property, sold on execution, prior to the commencement of bankruptcy proceedings.

Trover by [Carol Gaytes] the assignee against [Oscar L.] American and [John] Smith, judgment creditors of the bankrupt, to recover the value of personal property levied upon by the sheriff under an execution from the superior court of Cook ·county issued and· levied January 13th, 1868. The property was sold January 25th, and on the 13th of February following the debtor filed a petition in bankruptcy, upon which he was afterwards adjudged a bankrupt. Verdict having been rendered against the defendants, they moved for a new trial.

Bently & Hart, for plaintiff.
W. C. Grant, for defendants.

DRUMMOND. District Judge. The question raised on the trial and reserved was whether the action of trover was maintainable under the circumstances.

The cases of Cooper v. Chitty, 1 Burrows, 20, of Smith v. Milles, 1 Term R. 475, and Price v. Helyar, 4 Bing. 597, decide that a sale by a sheriff after an act of bankruptcy, although it may be before the issuing of the commission of bankruptcy, was a conversion of the property ·under the English law of bankruptcy, and also that an action of trover could be maintained under such circumstances, but that an action of trespass could not be maintained when it was sought to make the officer a trespasser by relation merely. Under the English bankrupt law the transfer of the property to the assignee related back to the act of bankruptcy, and it made no difference how secret that act might be (it might be entirely unknown to the officer who took the property) if there had been an act of bankruptcy prior to the time when the sheriff took possession of the property under his writ, the transfer relating back to the act of bankruptcy interrupted and set aside all subsequent acts, and therefore the sheriff was .held responsible,—a rather hard rule where he acted in good faith; but that was the undoubted law under the English act of bankruptcy. Inasmuch as it was held by these authorities that there was relation back to the act of bankruptcy whenever there was a conversion of the property after the act of bankruptcy, then the sheriff was responsible in an action of trover, because the gist of the action was the wrongful conversion of the property.

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Now, what is the reason of the rule under our law? The 38th section of the bankrupt law [of 1867 (14 Stat. 517)] provides "that the filing of a petition for adjudication in bankruptcy, either by a debtor in his own behalf, or by any creditor against a debtor, upon which an order may be issued by the court, or by a register in the manner provided in section four, shall be deemed and taken to be the commencement of proceedings in bankruptcy, under this act." Then the filing of the petition is the commencement of proceedings in bankruptcy, and the 14th section declares that the assignment shall relate back to the commencement of said proceedings in bankruptcy, and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee, so that it will be seen that our law is different from the English law. The transfer of the property under the English law related back to the act of bankruptcy, while the transfer of the property under our law relates back to the commencement of proceedings in bankruptcy, viz., the filing of the petition. That being so, upon what principle is it that the action of trover can be maintained in this case consistently with the rule established under the English law, unless there is a wrongful conversion of the property, when by relation it belongs to the assignee? What were the facts? At the time that the execution issued, viz., on the 13th day of January, 1868, the bankrupt had not filed his petition. The assignment, then, did not relate back to that time. At the time of the sale, which was on January 25, 1868, the petition had not been filed. The relation of the transfer of title to the property which belonged to the bankrupt was only to the 13th of February, 1868, when the petition was actually filed. The question then arises, the whole act of possession and of conversion having been committed before the filing of the petition, whether the assignee can maintain the action of trover. I am inclined to think that he cannot.

All that existed at the time of the commencement of the proceedings in bankruptcy was a right of action. There was no conversion of the property after the filing of the petition. We have seen how, by the doctrine of relation, a conversion subsequently would authorize the assignee to maintain the action of trover. The argument of Lord Mansfield, in the case of Cooper v. Chitty, 1 Burrows, 20, is unanswerable on this point, that, although the assignee has not the possession of the property at the time of the conversion, and it is not in existence and may not be until long after the conversion, still the doctrine of relation comes in and declares that if there is a conversion after the act of bankruptcy that clothes the assignee with all the rights that the bankrupt would himself have had over the property; so, in order to preserve the rights of the general creditors, the action is maintainable. But I think, considering the peculiarity of the action of trover, and as the essence of it is a wrongful conversion, that the assignee must have been able to maintain this action at the time of the conversion, and, inasmuch as he could not have done so, the doctrine of relation did not go far enough back in this instance. I think that the action of trover is not maintainable.

New trial granted.

NOTE. The assignee may sue in trover for a conversion after proceedings in bankruptcy commenced before his appointment, though for a conversion prior to the filing of petition he must sue in equity. Garland v. Carl'sle, 4 Clark & F. 693, approved and cited in Mitchell v. McKibbin [Case No. 9,666].